RECEIVED CLERK'S OFFICE

2008 JAN 31  A 8: 04

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON. SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Damion Antwon Carmichael, # 295568,                    ) C/A No. 9:08-79-RBH-GCK
                                                       )
                              Plaintiff,               )
                                                       )
vs.                                                    )
                                                       )  Report and Recommendation
                                                       )
John Ozmint, SCDC Director;                            )
Stan Burtt, Warden, and                                )
Sandra Bowie, Headquarters,                            )
                                                       )
                              Defendants.              )

---

This is a civil action filed *pro se* by a state prison inmate.[1]  Plaintiff is currently confined at the

Leiber Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system.

In the Complaint filed in this case (Entry 1), Plaintiff complains of being held in pre-hearing detention

(punitive segregation) for a pending prison disciplinary charge, and also claims that he has been denied

access to court and lost a post-conviction-relief case as a result of his detention without due process.

Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.

It appears from the Complaint and Plaintiff's Answers to the Court's Special Interrogatories (Entry 8)

that he has been detained in segregated status since November 23, 2007. It also appears from the  answers

and attachments to Plaintiff's Answers to the Court's Special Interrogatories that the earliest SCDC Step

1 grievance relative to his confinement and access to court claims was filed on December 11, 2007. Two

more Step 1 grievances were filed on December 20, 2007 and on January 15, 2008 respectively. The

Complaint was filed in this Court on January 11, 2008, thirty-one days after the filing of the earliest Step

1 grievance, twenty-two days after the filing of the second Step 1 grievance, and four days BEFORE the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge
is authorized to review all pretrial matters in such *pro se* cases and to submit findings and
recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after
docketing, district courts should review prisoner cases to determine whether they are subject to
summary dismissal).

filing of the third Step 1 grievance. It does not appear that Plaintiff received any response to any of his Step 1 grievances before he filed this case.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

An important provision of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*

*v. Nussle*, 534 U.S. 516, 524 (2002). *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense and not a jurisdictional infirmity in the Fourth Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint and other submissions, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006).

In order to fully exhaust the SCDC administrative remedy process, even if no response is ever received to his/her Step 1 grievance, an SCDC inmate must wait at least 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court. This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration which is disfavored. Specifically, the SCDC policy time limits are summarized as follows:

> **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; **(2)** the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; **(3)** the Warden should respond to the grievant in writing within forty (40) days; **(4)** the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and **(5)** a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

SCDC Policy/Procedure GA-01.12, at § 13.4 (Jan. 1, 2006). The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

Importantly, the SCDC policy provides that if, at the institutional level, the response to the grievance exceeds the established time limits, *the grievance will automatically proceed to the next level of appeal.* SCDC Policy § 13.6 (emphasis added). Accordingly, even if the Warden fails to respond to an inmate's Step 1 grievance within the time permitted under the policy, the inmate must refrain from filing suit in federal court until all time periods for both steps to be completed have expired (approximately 114 days). This is

because within SCDC the Step 1 grievance automatically proceeds to the next level of appeal (Step 2) where the Inmate Grievance Coordinator may respond to the inmate and resolve his complaint. The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (proper exhaustion of administrative remedies is necessary). Accordingly, even if we were to accept Plaintiff's assertions that his Step 1 grievances were not responded to in a timely fashion, Plaintiff was still required to wait until approximately 114 days passed after the filing of the first grievance before he would be able to say that he exhausted "such administrative remedies as are available"as to the claim to which such grievance applied. 42 U.S.C. § 1997e(a); *e.g. Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

As stated above, Plaintiff did file three separate Step 1 grievances at Leiber Correctional Institution on December 12 and December 20, 2007 and January 15, 2008; however, he had not received a response to any of the Step 1 grievances as of the date he filed his Complaint in early January 2008 or by the time he signed his Answers to the Court's Special Interrogatories on January 18, 2008 and submitted them to the post office for mailing to the Court on January 22, 2008. In fact, despite Plaintiff's contentions otherwise,  applying the express timelines set out in the SCDC inmate grievance policy discussed above to the facts of this case, the Warden's response to the December 12, 2007, Step 1 grievance was not even due until January 30, 2007, *i.e.*, forty-nine days from the date the grievance was submitted. Then, if the Warden responded negatively to Plaintiff's grievance, Plaintiff would then have to pursue to completion a Step 2 grievance before he could be said to have fully exhausted his administrative remedies. If, on the other hand, the Warden never responded to the Step 1 grievance, Plaintiff would still have to wait for the full Step 1 and Step 2 time periods to run (approximately 114 days after submission of the Step 1 grievance before he could be said to have fully exhausted available administrative remedies.

In this case, it is apparent from the face of the Complaint that Plaintiff only waited approximately twenty-six days from presenting his initial Step 1 grievance to submit his Complaint to this Court by placing

it in the inmate mail system on January 7, 2008. He did not await the Warden's response, nor did he file any Step 2 grievances. Because Plaintiff's December 12, 2007 grievance is still considered pending until approximately 114 days have passed, or until approximately April 3, 2008, and because his later-filed grievances are still pending until an even later date, this action should be summarily dismissed *without prejudice*. Review of the docket shows that Plaintiff, thus, it is obvious from the face of the record in this case that he filed this civil rights action prematurely before exhausting his SCDC administrative remedies as required.

Furthermore, even if the Complaint were not subject to complete summary dismissal for lack of administrative exhaustion, it would still be subject to partial dismissal as to Defendant Bowie because the only allegations of constitutional violation by this Defendant concern the manner in which she handles the SCDC inmate grievance process. Such allegations fail to state any viable § 1983 claim against this Defendant because it is well settled that prison inmates have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated. *See, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D. Va. 1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates. *See Mann*. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case with Defendant Bowie, such failure is not actionable under § 1983. *See Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo.1986); *Azeez v. DeRobertis*, 568 F.Supp. 8, 9-11 (N.D. Ill. 1982).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible

after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

George C. Kosko
United States Magistrate Judge

January _30_, 2008
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).