UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Damion Antwon Carmichael, ) | Civil Action No.: 0:08-cv-00079-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| John Ozmint, SCDC Director, Stan ) | |
| Burtt, Warden, Sandra Bowie, ) | |
| Headquarters, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter comes before the court with the [Docket Entry #13] Report and Recommendation of United States Magistrate Judge George C. Kosko[1] filed on January 31, 2008.

Plaintiff, a state prisoner proceeding *pro se*, filed his complaint on January 7, 2008, alleging that he has been held in punitive segregation and that he has been denied access to the courts. He seeks compensatory damages, punitive damages, and injunctive relief under 28 U.S.C. § 1983 and State tort law. In his Report, the Magistrate Judge recommended that the case be dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies within the prison. Plaintiff filed his objections to the Report and Recommendation on February 6, 2008.[2]

---

[1] This matter was automatically referred to Magistrate Judge Kosko pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

## **Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## **Discussion**

Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing an action concerning his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. *Booth v. Churner*, 532 U.S. 731 (2001).

Exhaustion is also now required in all suits challenging prison conditions, not just suits brought under § 1983. *Porter v. Nussle*, 534 U.S. 516 (2002). A prisoner must complete the administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies. "Proper exhaustion" is now required. *Woodford v. Ngo*, 548 U.S. 81 (2006).

Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a jurisdictional requirement, and therefore "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, a district court can raise the issue of exhaustion of remedies *sua sponte*. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005). A district court can *sua sponte* dismiss a complaint when "failure to exhaust is apparent from the face of the complaint . . . ." *Id.* Moreover, when lack of exhaustion is not apparent from the face of the pleadings, "a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Anderson*, 407 F.3d 674).

In the case presently before the court, Plaintiff failed to exhaust his administrative remedies within the prison prior to filing his suit in federal court. According to the answers and attachments to the court's special interrogatories, Plaintiff filed three (3) separate South Carolina Department of Corrections ("SCDC") Step-1 grievances in the prison relating to his confinement and access to the courts. The earliest grievance was filed on December 11, 2007. Approximately one month after his first SCDC Step-1 grievance, and before he filed his third SCDC Step-1 grievance, Plaintiff filed his complaint in this court. It does not appear that Plaintiff received a response to any of the three grievances before filing his complaint with this

court. In order to fully exhaust SCDC administrative remedies, there is a multiple-level appellate process and governing time limits that must be obeyed.³ Because Plaintiff had only filed SCDC Step-1 grievances, which were all still pending at the time of this complaint, he had not exhausted his SCDC administrative remedies prior to seeking federal review.

Moreover, it is proper for this court to *sua sponte* dismiss his complaint for failure to exhaust. From the face of the complaint, it is clear that Plaintiff filed only SCDC Step-1 grievances with the prison, and waited less than one month to file his complaint with this court seeking federal review. Moreover, Plaintiff had the opportunity to address the issue of exhaustion through his answers to the court's special interrogatories. In his answers, Plaintiff admits that he did not file a "Request for Responsible Official Review . . . in order to proceed to step 2 of the SCDC grievance policy." Answer to Court's Special Interrogatories [Docket Entry #8] at 1. When the Report and Recommendation was issued, the time periods for both steps in the grievance process to be completed had not yet expired.

In his objections, which were filed on February 7, 2008, it is clear that Plaintiff still had not at that time exhausted his administrative remedies. At that time, it was clear that the required time frame under the SCDC policy had not even run yet for responding to a grievance before filing a complaint in Federal court. However, because exhaustion is a prerequisite to suit, all available remedies must be exhausted prior to filing a complaint in federal court. *See Porter*, 534 U.S. at 524 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)); *Brown v. Ozmint*, No. 3:08-3470, 2009 WL 2595633 (D.S.C. Aug. 19, 2009) (unpublished); *Tate v. Swanson Servs. Corp.*, No. 2:08-3148, 2009 WL 1619901 (D.S.C. June 9, 2009) (unpublished); *Kennedy v. Nunnaly*,

---

³ For a more thorough analysis and summary of the SCDC administrative remedy process and time limits see the Magistrate Judge's Report and Recommendation. Report [Docket Entry #13] at 3-5.

No. 4:08-0146, 2009 WL 778708 (D.S.C. March 20, 2009) (unpublished); *see also Anderson*, 407 F.3d at 677; *Jackson v. Dist. of Columbia*, 254 F.3d 262, 268-69 (D.C. Cir. 2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (holding a "prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (holding "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."). Accordingly, Plaintiff's suit should be *sua sponte* dismissed for failure to exhaust administrative remedies prior to filing this complaint.

Moreover, the case is additionally subject to partial dismissal as to Defendant Bowie for the reasons set forth by the Magistrate Judge at page five (5) of the Report and Recommendation. Also, the court declines to exercise jurisdiction over Plaintiff's State law negligence claim.

## Conclusion

The court has reviewed the Report and Recommendation, objections, pleadings, and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules all of Plaintiff's objections and hereby adopts as modified and incorporates by reference the Report and Recommendation of the Magistrate Judge. This case is hereby **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

                                                              s/R. Bryan Harwell
                                                              R. Bryan Harwell
                                                              United States District Judge

November 12, 2009
Florence, South Carolina